UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN A. GARY,

    Petitioner,

    v.

SHIRLEE A. HARRY,

    Respondent.[1]

    CASE NO. 2:07-CV-12010
    CHIEF JUDGE BERNARD A. FRIEDMAN
    MAGISTRATE JUDGE PAUL J. KOMIVES

_____/

MEMORANDUM ORDER (1) DENYING PETITIONER'S MOTION FOR
ORAL ARGUMENT (docket #16); and (2) DENYING PETITIONER'S MOTION
TO STRIKE (docket #17)

Petitioner Kevin A. Gary filed an application for the writ of habeas corpus on May 8, 2007, challenging his state court conviction for aggravated stalking. The merits of the petition are addressed in a separate Report and Recommendation filed on this date. Currently pending before the Court are petitioner's motion for oral argument, filed on December 10, 2007, and petitioner's motion to strike, filed on December 17, 2007. For the reasons that follow, both motions will be denied.

Motion for Oral Argument

To the extent that petitioner's motion for oral argument seeks simply oral argument with respect to the petition, the motion is denied because petitioner is currently incarcerated and the parties' pleadings and the state court record adequately present the issues to be resolved by the

---

[1] By Order entered this date, Shirlee A. Harry has been substituted in place of Hugh Wolfenbarger as the proper respondent in this action.

1

Court. *See* E.D. MICH. LR 7.1(e)(1).

To the extent petitioner seeks an evidentiary hearing to develop evidence in support of his claim, such a hearing is not warranted. In deciding whether an evidentiary hearing is necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. § 2254, "courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000) (discussing *Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir. 1998)); *see also*, *Alcorn v. Smith*, 781 F.2d 58, 59-60 (6th Cir. 1986) (applying pre-AEDPA law); *cf. Townsend v. Sain*, 372 U.S. 293, 312-13 (1963). As the Supreme Court recently explained:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

*Schriro v. Landrigan*, 127 S. Ct. 1933, 1940 (2007) (citations and footnote omitted).

As explained in the Report filed on this date, the bulk of petitioner's claims–including his double jeopardy, plea withdrawal, innocence, illegal arrest, and suppression of evidence claims–are without merit or not cognizable as a matter of law, and no additional evidence would have any impact on these claims. With respect to petitioner's voluntary plea and ineffective assistance of counsel claims, petitioner does not provide any specifics regarding what evidence an evidentiary hearing could uncover. Petitioner's "'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring . . . an evidentiary hearing.'" *Washington v. Renico*, 455 F.3d

2

722, 733 (6th Cir. 2006) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). Accordingly, petitioner's motion for oral argument will be denied.

    Motion to Strike

In his motion to strike, petitioner seeks to strike the double jeopardy claim from his reply brief. As petitioner correctly notes, this issue was not raised in his initial petition. Nevertheless, because petitioner is proceeding *pro se*, and because petitioner's double jeopardy claim is intertwined with his plea validity claims, the claim is addressed in the Report filed on this date. Accordingly, petitioner's motion to strike the claim is moot.

Accordingly, it is ORDERED that petitioner's motion for oral argument is hereby DENIED. It is further ORDERED that petitioner's motion to strike is hereby DENIED AS MOOT. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

    IT IS SO ORDERED.

                                            s/Paul J. Komives
                                            PAUL J. KOMIVES
                                            UNITED STATES MAGISTRATE JUDGE

Dated:7/30/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 30, 2008.
>
>                             s/Eddrey Butts
>                             Case Manager