UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN A. GARY,

      Petitioner,

                                CASE NO. 2:07-CV-12010
v.                              JUDGE BERNARD A. FRIEDMAN
                                MAGISTRATE JUDGE PAUL J. KOMIVES

SHIRLEE A. HARRY,

      Respondent.
_____/

**REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY (docket #49) and MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL (docket #47)**

I.      RECOMMENDATION: The Court should deny petitioner's request for a certificate of appealability.

II.     REPORT:

A.     *Procedural Background*

Petitioner Kevin A. Gary is now a former state prisoner. On May 8, 2007, while still incarcerated, petitioner filed an application for the writ of habeas corpus, challenging his 2005 plea-based conviction for aggravated stalking. Petitioner challenged his conviction on the grounds that (1) the plea was coerced; (2) the plea was based on evidence illegally obtained as a result of an unlawful arrest; (3) the prosecutor suppressed exculpatory evidence; and (4) he received ineffective assistance of counsel. On July 30, 2008, I filed a Report recommending that the Court deny the petition. Specifically, I recommended that the Court conclude that petitioner's claims were without merit. On July 12, 2010, the Court entered an order accepting my recommendation. On July 23, 2010, petitioner filed a notice of appeal and this motion for a certificate of appealability. Pursuant to 28 U.S.C. §

2253(c), petitioner may appeal only if he is first granted a certificate of appealability. For the reasons that follow, the Court should deny the certificate.

B.     *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254

2

Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments.

C.   *Analysis*

For the reasons explained in my Report addressing the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability. With respect to petitioner's coerced plea claim, as explained in the Report "petitioner indicated under oath that his plea was not coerced, and . . . he has presented no evidence to contradict his assertions at the plea hearing, his claim is without merit." R&R, at 10 (citing *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997); *Jones v. Page*, 76 F.3d 831, 845 (7th Cir. 1996); *Otero-Rivera v. United States*, 494 F.2d 900, 902-03 (1st Cir. 1974)). Further, it is clear that petitioner's plea was not coerced by virtue of the fact that he feared a longer prison term if convicted after trial. *See id.* at 10-11 (citing *Brady v. United States*, 397 U.S. 742, 751 (1970)). In light of these facts and the law cited in the R&R, the Court's resolution of petitioner's coerced plea claim is not reasonably debatable. Likewise, because it is clearly established that (1) a defendant has no constitutional right to withdraw a plea; (2) claims of actual innocence do not state a cognizable basis for habeas relief; and (3) there was evidence presented in the trial court that petitioner violated a restraining order so as to support a conviction for aggravated stalking, the Court's resolution of petitioner's innocence and withdrawal claims is not reasonably

debatable.  *See* R&R, at 11-16.

Likewise, the resolution of petitioner's remaining claims is not reasonably debatable.  It is clear that petitioner's guilty plea constitutes a waiver of his Fourth Amendment and double jeopardy claims.  *See* R&R, at 16-17.  Further, the resolution of petitioner's illegal arrest claim is not debatable because it is beyond dispute both that (a) an illegal arrest does not void a subsequent validly entered conviction, and (b) such a claim is barred by the rule of *Stone v. Powell*, 428 U.S. 465 (1976).  *See* R&R, 17-19.  The resolution of petitioner's double jeopardy claim is not reasonably debatable, because the Michigan legislature clearly stated its intention that aggravated stalking be punished in addition to any other criminal penalty or contempt of court arising out of the underlying conduct, and this intention controls the double jeopardy analysis.  *See* R&R, at 22-24 (discussing *Ohio v. Johnson*, 467 U.S. 493, 499 & n.8 (1984); MICH. COMP. LAWS § 750.411i(6); *Smith v. Stegall*, No. 02-10211-BC, 2003 WL 21434922, at *3-*4 (E.D. Mich. June 18, 2003) (Lawson, J.); *People v. Coones*, 216 Mich. App. 721, 728, 550 N.W.2d 600, 603 (1996)).

The resolution of petitioner's exculpatory evidence claim is likewise not reasonably debatable.  Although courts have disagreed on whether the pre-plea suppression of exculpatory evidence renders invalid an otherwise valid plea, it is not reasonably debatable that no clearly established federal law as determined by the Supreme Court suggests such a rule.  *See* R&R, at 21-22.  Further, it is not reasonably debatable that petitioner's exculpatory evidence claim fails on the merits because petitioner "has not identified with specificity any particular exculpatory evidence that was suppressed by the prosecution, or how the disclosure of such evidence would have affected his decision to plead guilty," and his conclusory allegations of suppressed evidence are insufficient to state a claim.  *Id.* at 22.  Finally, the resolution of petitioner's ineffective assistance of counsel claim is not reasonably debatable, because beyond his conclusory allegations that counsel failed to adequately investigate petitioner "does

not identify with specificity any witnesses counsel should have interviewed, any avenues of investigation counsel should have pursued, or any specific motions that counsel should have filed." *Id*. at 26.

Apart from the claims raised in the petition and addressed in my previous Report, petitioner also contends in his motion for a certificate of appealability that the victim committed perjury at the preliminary examination. Even if this claim were true and properly before the Court, it would not entitle petitioner to habeas relief or a certificate of appealability. As noted above and in my initial Report, it is an "established rule that illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (citing *Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886)). This rule extends to errors in the initial determination of probable cause at preliminary examination. *See id*. at 120. Thus, even if the prosecution presented perjured testimony at the preliminary examination, this would not call into question the validity of petitioner's subsequent conviction. *See Gollman v. Metrish*, No. 5:08-cv-10221, 2009 WL 1034935, at *12 (E.D. Mich. Apr. 17, 2009) (O'Meara, J.). Petitioner also contends that he is entitled to a certificate of appealability because the Court did not consider *Firore v. White*, 531 U.S. 225 (2001) (per curiam). In that case, the Court held that a state cannot, consistently with the Due Process Clause, "convict [a defendant] for conduct that its criminal statute, as properly interpreted, does not prohibit." *Id*. at 228. However, *Firore* involved a case on direct appeal; it did not involve, as here, a federal habeas challenge. And as explained in my Report actual innocence–which is what petitioner's reliance on *Firore* is about–is neither a basis for habeas relief nor for withdrawing a validly entered plea. Further, although I did not cite *Firore* in my Report, I did explain why petitioner's innocence claim was without merit, namely, that Michigan law does in fact prohibit the conduct in which petitioner engaged. *See* R&R, at 14-16. Thus, the rule of law on which petitioner relies was discussed and found to be inapplicable, a

5

determination that is not reasonably debatable for the reasons discussed above.

D.  *Leave to Proceed In Forma Pauperis*

Petitioner also seeks leave to proceed *in forma pauperis* on appeal. The Court should deny this motion. A court must deny IFP status on appeal if the court "certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith" under § 1915(a)(3) is an objective standard. It does not require that the applicant show any degree of merit, beyond showing that the claims on appeal are not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 675 (1958) (per curiam); *cf. Willis v. Campbell*, 102 Fed. Appx. 481, 481 (6th Cir. 2004). In other words, the phrase "not taken in good faith" as used in § 1915(a)(3) is "a synonym for frivolousness." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Here, for the reasons explained above, any appeal would be frivolous. The record clearly establishes that petitioner's plea was voluntary, and petitioner's antecedent constitutional claims are barred as a matter of law by virtue of his guilty plea. Further, it is beyond dispute that there is no federal constitutional right to withdraw a valid plea, and that actual innocence provides no basis for federal habeas relief. Thus, any appeal in this case would be frivolous, and thus would not be taken in "good faith" pursuant to § 1915(a)(3).

E.  *Conclusion*

In view of the foregoing, the Court should conclude that its resolution of petitioner's claims is not debatable among reasonable jurists. Accordingly, the Court should deny petitioner's motion for the certificate of appealability. The Court should also conclude that any appeal would not be taken in good faith, and thus should deny petitioner's motion for leave to proceed *in forma pauperis* on appeal.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R.

CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                          s/Paul J. Komives
                                                          PAUL J. KOMIVES
                                                          UNITED STATES MAGISTRATE JUDGE

Dated: 3/29/11

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on March 29, 2011.

                              s/Eddrey Butts
                              Case Manager